# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITATION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SPECIALTY COMMODITIES, INC, a North Dakota corporation;
Additional Parties Attachment form is attached

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ANDREW QUIRUZ, on behalf of himself, all others similarly situated,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

E-FILED
5/3/2017 10:09:17 AM
Clerk of Court
Superior Court of CA,
County of Santa Clara
17CV309552
Reviewed By:R. Walker

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* Downtown Superior Court | *(Número)* **17CV309552** |

191 North First Street
San Jose, CA 95113

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Shaun Setareh, 9454 Wilshire, Blvd., Ste 907, Beverly Hills, CA 90212 (310)888-7771

| DATE: *(Fecha)* **5/3/2017** | **Clerk of Court** | Clerk, by *(Secretario)* _____ **R. Walker** | , Deputy *(Adjunto)* |
|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |
|---|---|---|

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Quiruz v. Specialty Commodities, Inc., et al. | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

ARCHER DANIEL MIDLAND COMPANY, a business entity form unknown; and DOES 1-50 inclusive

Page ___1___ of ___1___

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Shaun Setareh (SBN 204514)<br>Setareh Law Group<br>9454 Wilshire Blvd. Suite 907<br>Beverly Hills, CA 90212<br>TELEPHONE NO.: (310) 888-7771   FAX NO.: (310) 888-0109<br>ATTORNEY FOR *(Name):* Andrew Quiruz | E-FILED<br>5/3/2017 10:09:17 AM<br>Clerk of Court<br>Superior Court of CA,<br>County of Santa Clara<br>17CV309552<br>Reviewed By:R. Walker |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose 95113
BRANCH NAME: Downtown Superior Court

CASE NAME:
Quiruz v. Specialty Commodities, Inc., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: **17CV309552** |
|---|---|---|
| ☑ Unlimited    ☐ Limited<br>(Amount        (Amount<br>demanded       demanded is<br>exceeds $25,000)  $25,000 or less) | ☐ Counter   ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: **Hon. Thomas E. Kuhnle**<br>DEPT: **5 - Complex Civil Litigation** |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☑ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☑ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☑ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* Nine (9)
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 1, 2017

Shaun Setareh
_____
(TYPE OR PRINT NAME)        ▶        _____
                                     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**ATTACHMENT CV-5012**

# CIVIL LAWSUIT NOTICE

CASE NUMBER: **17CV309552**

*Superior Court of California, County of Santa Clara*
*191 N. First St., San Jose, CA 95113*

## READ THIS ENTIRE FORM

*PLAINTIFFS* (the person(s) suing): Within 60 days after filing the lawsuit, you must serve each defendant with the *Complaint, Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

*DEFENDANTS* (The person(s) being sued): **You must do each of the following to protect your rights:**

1.  You must file **a written response** to the *Complaint*, in the Clerk's Office of the Court, within **30 days** of the date the *Summons* and *Complaint* were served on you;
2.  You must send a copy of your written response to the plaintiff; and
3.  You must attend the first Case Management Conference.

**Warning: If you do not do these three things, you may automatically lose this case.**

---

*RULES AND FORMS:* You must follow the California Rules of Court (CRC) and the Santa Clara County Superior Court Local Civil Rules and use proper forms. You can get legal information, view the rules and get forms, free of charge, from the Self-Service Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm
- Rose Printing: 408-293-8177 or becky@rose-printing.com (there is a charge for forms)

For other local legal information, visit the Court's Self-Service website www.scselfservice.org and select "Civil."

*CASE MANAGEMENT CONFERENCE (CMC):* You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.*

---

*Your Case Management Judge is:* **Hon. Thomas E. Kuhnle**          Department: **5**

*The 1st CMC is scheduled for:* (Completed by Clerk of Court)
          Date: **09/01/2017**     Time: **10:00 am**   in Department **5**

*The next CMC is scheduled for:* (Completed by party if the 1st CMC was continued or has passed)
          Date: _____   Time: _____  in Department _____

---

*ALTERNATIVE DISPUTE RESOLUTION (ADR):* If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

Shaun Setareh (SBN 204514)
    shaun@setarehlaw.com
Thomas Segal (SBN 222791)
    thomas@setarehlaw.com
H. Scott Leviant (SBN 200834)
    scott@setarehlaw.com
**SETAREH LAW GROUP**
9454 Wilshire Boulevard, Suite 907
Beverly Hills, California 90212
Telephone:    (310) 888-7771
Facsimile:    (310) 888-0109

Attorneys for Plaintiff,
ANDREW QUIRUZ

E-FILED
5/3/2017 10:09:17 AM
Clerk of Court
Superior Court of CA,
County of Santa Clara
17CV309552
Reviewed By:R. Walker

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SANTA CLARA
### (*UNLIMITED JURISDICTION*)

**17CV309552**

ANDREW QUIRUZ, on behalf of himself, all others similarly situated,

*Plaintiff*,

vs.

SPECIALTY COMMODITIES, INC, a North Dakota corporation; ARCHER DANIEL MIDLAND COMPNAY, a business entity form unknown; and DOES 1-50, inclusive,

*Defendants.*

Case No.

**CLASS ACTION**

**COMPLAINT FOR:**

1. Violation of 15 U.S.C. §§ 1681b(b)(2)(A) (Fair Credit Reporting Act);
2. Violation of 15 U.S.C. §§ 1681d(a)(1) and 1681g(c) (Fair Credit Reporting Act);
3. Violation of California Civil Code § 1786 *et seq.* (Investigative Consumer Reporting Agencies Act)
4. Violation of California Civil Code § 1785 *et seq.* (Consumer Credit Reporting Agencies Act)
5. Failure to Provide Meal Periods (Lab. Code §§ 204, 223, 226.7, 512, and 1198);
6. Failure to Provide Rest Periods (Lab. Code §§ 204, 223, 226.7, and 1198);
7. Failure to Pay Hourly Wages (Lab. Code §§ 223, 510, 1194, 1194.2, 1197, 1997.1, and 1198);
8. Failure to Provide Accurate Written

---

*Quiruz v. Specialty Commodities, Inc., et al.*                    Class Action Complaint

1    Wage Statements (Lab. Code § 226(a));

2    9.  Unfair Competition (Bus. & Prof. Code §§ 17200, *et seq.*);

3

4    **JURY TRIAL DEMANDED**

Plaintiff, Andrew Quiruz (hereafter "Plaintiff"), on behalf of himelf, all others similarly situated, complains and alleges as follows:

## INTRODUCTION

1.      Plaintiff brings this class and representative action against defendant SPECIALTY COMMODITIES, INC., a North Dakota corporation ("Specialty Commodities"), ARCHER DANIEL MIDLAND COMPANY., a business entity form unknown ("ADM")and DOES 1-100, inclusively (collectively, "Defendants") for alleged violations of the Fair Credit Reporting Act ("FCRA") and similar California laws.

2.      Plaintiff alleges that Defendants routinely acquire consumer, investigative consumer and/or consumer credit reports (referred to collectively as "credit and background reports") to conduct background checks on Plaintiff and other prospective, current and former employees and use information from credit and background reports in connection with their hiring process without complying with the law.  Plaintiff, individually and on behalf of all others similarly situated current, former, and prospective employees, seeks compensatory and punitive damages due to Defendants' systematic and willful violations of the FCRA, 15 U.S.C. §§ 1681 *et seq.*, the California Investigative Consumer Reporting Agencies Act ("ICRAA") (Cal. Civ. Code § 1786, *et seq.*), and the California Consumer Credit Reporting Agencies Act ("CCRAA") (Cal. Civ. Code § 1785, *et seq.*).

3.      Plaintiff brings this class action against defendant Speialty Commodities, Inc., a North Dakota corporation ("Specialty Commodities"); Archer Daniels Midland Company, a business entity form unknown ("ADM"); and DOES 1 through 50 inclusive (hereafter "Defendants") for alleged violations of the Labor and Business and Professions Codes. As set forth below, Plaintiff alleges that Defendants failed to provide him and all other similarly situated individuals  with meal periods, failed to provide them with rest periods, failed to pay premium wages for unprovided meal and/or rest periods, failed to pay them overtime and double time wages for all overtime and double time hours worked, and failed to provide them with accurate written wage statements. Based on these alleged Labor Code violations, Plaintiff now brings this class action to recover unpaid wages, restitution, and related relief on behalf of himself, and all others similarly situated.

1

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction to hear this case because Plaintiff is informed and believes that the monetary damages and restitution sought herein for Defendants' conduct exceeds the minimal jurisdictional limits of the Superior Court.

5.     Plaintiff is informed and believes that the individual claims of the below-defined classes are under the $75,000.00 threshold for Federal diversity jurisdiction and the aggregate claim is under the $5,000,000.00 threshold for Federal jurisdiction, under the Class Action Fairness Act of 2005. Further, there is no federal question at issue as the issues herein are based solely on California law.  Further, Defendant is a California corporation and Plaintiff is a California resident, and there is no diversity of citizenship of the parties.

6.     Venue is proper in Santa Clara County pursuant to Code of Civil Procedure Sections 395(a) and 395.5 in that liability arose in San Joaquin County because at least some of the transactions that are the subject matter of this Complaint occurred therein and/or each defendant is found, maintains offices, transacts business, and/or has an agent therein.

## PARTIES

### A.     Plaintiff

5.     Plaintiff worked for Defendants in an hourly position as a non-exempt employee from approximately November 2013 to present.

### B.     Defendants

6.     Defendant Specialty Commodities, Inc. is a North Dakota corporation authorized to do business in California.

7.     Defendant Archer Daniels Midland Company, is a business entity form unknown, authorized to do business in California.

8.     Plaintiff is ignorant of the true names, capacities, relationships, and extent of participation in the conduct alleged herein, of the Defendants sued as Does 1-50, inclusive, but is informed and believes that said Defendants are legally responsible for the conduct alleged herein and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege both the true names and capacities of the Doe Defendants when ascertained.

2

*Quiruz v. Specialty Commodities, Inc., et al.*                    Class Action Complaint

9.     Plaintiff is informed and believes that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and that the acts of each Defendant are legally attributable to each of the other Defendants.

## CLASS ALLEGATIONS

10.     This action has been brought and may be maintained as a class action pursuant to Code of Civil Procedure § 382 because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined below and because Plaintiff is unaware of any difficulties likely to be encountered in managing this case as a class action.

11.     **Relevant Time Period**: The relevant time period is defined as the time period beginning four years prior to the filing of this action until judgment is entered.

12.     The class and subclass members are defined as follows:

**FCRA Class:** All of Defendants' current, former and prospective applicants for employment in the United States who applied for a job with Defendants at any time during the period beginning five years prior to the filing of this action and ending on the date that final judgment is entered in this action.

**ICRAA Class:** All of Defendant's current, former, and prospective applicants for employment in California, at any time during the period beginning five years prior to the filing of this action and ending on the date that final judgment is entered into this action.

**CCRAA Class:** All of Defendant's current, former, and prospective applicants for employment in California, at any time during the period beginning seven years prior to the filing of this action and ending on the date that final judgment is entered in this action.

**Specialty Commodities/ADM Class:** All persons employed by Specialty Commodities, Inc. and/or Archer Daniels Midland Company in hourly or non-exempt positions in California during the **Relevant Time Period**.

   **Meal Break Sub-Class:** All **Specialty Commodities/ADM Class** members who worked a shift in excess of five hours during the **Relevant Time Period**.

   **Rest Break Sub-Class:** All **Specialty Commodities/ADM Class** members who worked a shift of at least three and one-half (3.5) hours during the **Relevant Time Period**.

3

**Wage Statement Penalties Sub-Class:** All **Specialty Commodities/ADM Class** members employed by Defendants in California during the period beginning one year before the filing of this action and ending when final judgment is entered.

**Waiting Time Penalties Sub-Class:** All **Specialty Commodities/ADM Class** members who separated from their employment with Defendants during the period beginning three years before the filing of this action and ending when final judgment is entered.

**UCL Class:** All **Specialty Commodities/ADM Class** members employed by Defendants in California during the **Relevant Time Period**.

13.     **Reservation of Rights:** Pursuant to Rule of Court 3.765(b), Plaintiff reserves the right to amend or modify the class definitions with greater specificity, by further division into subclasses, and/or by limitation to particular issues.

14.     **Numerosity:** The class members are so numerous that the individual joinder of each individual class member is impractical. While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes that the actual number exceeds the minimum required for numerosity under California law.

15.     **Commonality and Predominance:** Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members. These questions include, but are not limited to:

A.     Have Defendants maintained a policy or practice of failing to provide employees with their meal breaks?

B.     Have Defendants maintained a policy or practice of failing to provide employees with their rest breaks?

C.     Have Defendants failed to pay additional wages to class members when they have not been provided with required meal and/or rest periods?

D.     Have Defendants failed pay class members overtime and double time wages for all overtime and double time hours worked?

E.     Have Defendant maintained a policy or practice of not paying overtime and double time wages for all overtime and double time hours worked?

4

F.    Have Defendants failed to provide class members with accurate written wage statements as a result of providing them with written wage statements with inaccurate entries for, among other things, amounts of gross and net wages, and time worked?

G.    Are Defendants liable to class members for waiting time penalties under Labor Code § 203?

H.    Are class members entitled to restitution of money or property that Defendants may have acquired from them through unfair competition?

I.    Wherein Defendants willfully failed to provide the class with stand-alone written disclosures before obtaining a credit or background report in compliance with the statutory mandates?

J.    Whether Defendants willfully failed to identify the name, address, telephone number, and/or website of the investigative consumer reporting agency conducting the investigation?

K.    Whether Defendants willfully failed to identify the source of the credit report to be performed?

L.    Wherein Defendants willfully failed to comply with the FCRA, ICRAA and/or the CRAA?

16.    **Typicality:** Plaintiff's claims are typical of the other class members' claims. Plaintiff is informed and believes and thereon alleges that Defendants have a policy or practice of failing to comply with the Labor Code and the Business and Professions Code as alleged herein.

17.    **Adequacy of Class Representative:** Plaintiff is an adequate class representative in that he has no interests that are adverse to, or otherwise conflict with, the interests of absent class members and is dedicated to vigorously prosecuting this action on their behalf. Plaintiff will fairly and adequately represent and protect the interests of the other class members.

18.    **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent class members, are experienced in wage and hour class action litigation, and are dedicated to vigorously

5

prosecuting this action on behalf of Plaintiff and absent class members.

19.   **Superiority:** A class action is vastly superior to other available means for fair and efficient adjudication of the class members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail. In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make it difficult, if not impossible, for individual class members to both seek and obtain relief. Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of moneys owed to them. Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

## GENERAL ALLEGATIONS

20.   Plaintiff was hired and is employed by Defendants in an hourly non-exempt position as a warehouse associate. As a warehouse associate, Plaintiff's duties included but were not limited to pulling orders, unloading and loading products, and dealing with vendors.

21.   Plaintiff was, within the Relevant Time Period, customarily scheduled to work from 5:00 am to 2:00 or 3:00 pm, five days a week. Plaintiff did not ever work a shift that was less than six continuous hours.

22.   Moreover, Plaintiff was, within the Relevant Time Period, required to work past his scheduled end time by one or two hours, approximately two or three times per week.

23.   Thus, Plaintiff typically worked in excess of forty hours per week.

## FIRST CAUSE OF ACTION
## FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF THE FCRA
## (15 U.S.C. §§ 1681b(b)(2)(A))
### (By Plaintiff and the FCRA Class against all Defendants)

24.   Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

25.   Defendants are "persons" as defined by Section 1681a(b) of the FCRA.

26.   Plaintiff and class members are "consumers" within the meaning Section

6

1681a(c) of the FCRA, because they are "individuals."

27.  Section 1681a(d)(1) of the FCRA defines "consumer report" as

any oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility" for employment purposes.

Thus a credit and background report qualifies as a consumer report.

28.  Section 1681a(e) of the FCRA defines "investigative consumer report" as:

a consumer report or portion thereof in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through personal interviews with neighbors, friends, or associates of the consumer reported on or with whom he is acquainted or who may have knowledge concerning any such items of information.

Thus a credit and background report qualifies as an investigative consumer report.

29.  Section 1681b(b) of the FCRA provides, in relevant part:

Conditions for furnishing and using consumer reports for employment purposes

(2) Disclosure to consumer

(A) In general
Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless—

i.   *a clear and conspicuous* disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that *consists solely of the disclosure*, that a consumer report may be obtained for employment purposes; and

ii.  the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person. (Emphasis Added).

30.  As described above, Plaintiff alleges, on information and belief, that in evaluating her and other class members for employment, Defendants procured or caused to be prepared credit and background reports (i.e., a consumer report and/or investigative consumer report, as defined by 15 U.S.C. § 1681a(d)(1)(B) and 15 U.S.C. § 1681a(e)).

*Quiruz v. Specialty Commodities, Inc., et al.*                    Class Action Complaint

31.     When Plaintiff applied for employment with Defendants, Defendants required her to fill out and sign a two page Document entitled "Employment Application"

32.     In pertinent part the Employment Application states:

*Applicant in All States Other Than California, Massachusetts and the City of Philadelphia.* Have you been convicted of a felony offense within the last seven years that hasn't been sealed or explunged?  If Yes, state the nature of the offense and the date the event took place.  (Answernig yes will not necessarily be a bar to employment and will be considered in relationship to the position for which you are applying.)

*California Applicants Only.* In the last seven years have youever been convicted of a felony that hasn't been sealed or expunged OTHER THAN (1) a marijuana-related conviction that occurred more than two years ago; and (2) an offense for which you were refereed to, and participated in, any pretrial or post trial diversion program?  If Yes, state the nature of the offense and the date the event took place. (Answernig yes will not necessarily be a bar to employment and will be considered in relationship to the position for which you are applying.)

33.     The purported disclosures are embedded with extraneous information including but not limited to information pertaining to Pennsylvania applicants and Massachusetts applicants.

34.     Because the purported disclosures are embedded with extraneous information, and are not clear and unambiguous disclosures in stand-alone documents, they do not meet the requirements under the law.

35.     Under the FCRA, it is unlawful to procure or caused to be procured, a consumer report or investigative consumer report for employment purposes unless the disclosure is made in a document that consists solely of the disclosure and the consumer has authorized, in writing, the procurement of the report. 15 U.S.C. § 1681b(b)(2)(A)(i)-(ii).  The inclusion of a release as well as other extraneous information, therefore, violates § 1681b(b)(2)(A) of the FCRA.

36.     Although the disclosure and the authorization may be combined in a single document, the Federal Trade Commission ("FTC") has warned that the form should not include any extraneous information or be part of another document.  For example, in response to an inquiry as to whether the disclosure may be set forth within an application for employment or whether it must be included in a separate document, the FTC stated:

The disclosure may not be part of an employment application because the language [of 15 U.S.C. § 1681b(b)(2)(A) is] intended to ensure that it appears

8

conspicuously in a document not encumbered by any other information. The reason for requiring that the disclosure be in a stand-alone document is to prevent consumers from being distracted by other information side-by-side within the disclosure.

37.     The plain language of the statute also clearly indicates that the inclusion of a liability release in a disclosure form violates the disclosure and authorization requirements of the FCRA, because such a form would not consist "solely" of the disclosure. In fact, the FTC expressly has warned that the FCRA notice may not include extraneous information such as a release. In a 1998 opinion letter, the FTC stated:

> [W]e note that your draft disclosure includes a waiver by the consumer of his or her rights under the FCRA. The inclusion of such a waiver in a disclosure form will violate Section 604(b)(2)(A) of the FCRA, which requires that a disclosure consist 'solely' of the disclosure that a consumer report may be obtained for employment purposes.

38.     In a report dated July 2011, the FTC reiterated that: "the notice [under 15 U.S.C § 1681b(b)(2)(A)] may not include extraneous or contradictory information, such as a request for a consumer's waiver of his or her rights under the FCRA."

39.     By including extraneous information, Defendants willfully disregarded the FTC's regulatory guidance and violated Section 1681b(b)(2)(A) of the FCRA. Additionally, the inclusion of the extraneous provisions causes the disclosure to fail to be "clear and conspicuous" and "clear[] and accurate[]," and thus violates §§ 1681b(b)(2)(A) and 1681d(a).

40.     Defendants' conduct in violation of Section 1681b(b)(2)(A) of the FCRA was and is willful. Defendants acted in deliberate or reckless disregard of their obligations and the rights of applicants and employees, including Plaintiff and class members. Defendants' willful conduct is reflected by, among other things, the following facts:

(a)     Defendants are a large corporation with access to legal advice;

(b)     Defendants required a purported authorization to perform credit and background checks in the process of employing the class members which, although defective, evidences Defendants' awareness of and willful failure to follow the governing laws concerning such authorizations;

(c)     The plain language of the statute unambiguously indicates that inclusion of a liability release and other extraneous information in a disclosure form violates the disclosure and authorization requirements; and

9

(d)     The FTC's express statements, pre-dating Defendants' conduct, which state that it is a violation of Section 1681b(b)(2)(A) of the FCRA to include a liability waiver in the FCRA disclosure form.

41.     Based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Plaintiff alleges that Defendants have a policy and practice of procuring investigative consumer reports or causing investigative consumer reports to be procured for applicants and employees without informing such applicants of their right to request a summary of their rights under the FCRA at the same time as the disclosure explaining that an investigative consumer report may be made. Pursuant to that policy and practice, Defendants procured investigative consumer reports or caused investigative consumer reports to be procured for Plaintiff and class members, as described above, without informing class members of their rights to request a written summary of their rights under the FCRA.

42.     Accordingly, Defendants willfully violated and continue to violate the FCRA including, but not limited to, §§ 1681b(b)(2)(A) and 1681d(a). Defendants' willful conduct is reflected by, among other things, the facts set forth above.

43.     As a result of Defendants' illegal procurement of credit and background reports by way of their inadequate disclosures, as set forth above, Plaintiff and class members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the FCRA.

44.     Plaintiff, on behalf of herself and all class members, seeks all available remedies pursuant to 15 U.S.C. § 1681n, including statutory damages and/or actual damages, punitive damages, injunctive and equitable relief and attorneys' fees and costs.

45.     In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under 15 U.S.C. § 1681o, including actual damages and attorneys' fees and costs.

///

///

///

///

10

## SECOND CAUSE OF ACTION

## FAILURE TO GIVE PROPER SUMMARY OF RIGHTS IN VIOLATION OF FCRA

### (15 U.S.C. § 1681d(a)(1) and 1681g(c))

### (By Plaintiff and the FCRA Class against all Defendants)

46.    Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

47.    Section 1681d(a)(1) provides:

Disclosure of fact of preparation

A person may not procure or cause to be prepared an investigative consumer report on any consumer unless—

> (1) it is *clearly and accurately disclosed* to the consumer that an
> investigative consumer report including information as to his character, general reputation, personal characteristics, and mode of living, whichever are applicable, may be made, and such disclosure;
>
> (2) is *made in a writing mailed, or otherwise delivered*, to the
> consumer, not later than three days after the date on which the report was first requested, and
>
> (3) *includes a statement informing the consumer of his right to request   the additional disclosures* provided for under subsection (b) of this
> section *and the written summary of the rights of the consumer prepared pursuant to section 1681g(c)* of this title; (Emphasis Added.)
>
> (4) Subsection (b) of Section 1681d(a)(1) provides:
> Any person who procures or causes to be prepared an investigative consumer report on any consumer shall, upon written request made by the consumer within a reasonable period of time after the receipt by him of the disclosure required by subsection (a)(1) of this section, make a *complete and accurate disclosure of the nature and scope of the investigation requested*; (Emphasis Added). This disclosure shall be made in a writing mailed, or otherwise delivered, to the consumer not later than five days after the date on which the request for such disclosure was received from the consumer or such report was first requested, whichever is the later.

48.    Defendant did not comply with Section 1681d(a)(1).

49.    Section 1681g(c) further provides summary of rights to obtain and dispute information in consumer reports and to obtain credit scores as:

> (A) Commission summary of rights required
> The Commission shall prepare a *model summary of the rights* of consumers under this subchapter.

11

(B) Content of summary

The summary of rights prepared under subparagraph (A) shall include a description of—

    (1)    the *right of a consumer to obtain a copy of a consumer report* under subsection (a) of this section from each consumer reporting agency;

    (2)    the *frequency and circumstances under which a consumer is entitled to receive a consumer report without charge* under section 1681j of this title;

    (3)    the right of a consumer to *dispute information* in the file of the consumer under section 1681i of this title;

    (4)    *the right of a consumer to obtain a credit score* from a consumer reporting agency, and a description of how to obtain a credit score;

    (5)    the *method by which a consumer can contact, and obtain a consumer report from*, *a consumer reporting agency without charge*, as provided in the regulations of the Bureau prescribed under section 211(c) of the Fair and Accurate Credit Transactions Act of 2003; and

    (6)    the method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency described in section 1681a(w) of this title, as provided in the regulations of the Bureau prescribed under section 1681j(a)(1)(C) of this title; (Emphasis Added).

    50.    Defendant did not comply with 1681g(c)(1)(B)(ii) because the summary of rights did not include the right of a consumer to obtain a copy of the consumer report under section 1681j of this title.

    51.    Defendant did not comply with 1681g(c)(1)(B)(ii) because the summary of rights did not include the frequency and circumstances under which a consumer is entitled to receive a consumer report without charge under section 1681j of this title.

    52.    Defendant did not comply with 1681g(c)(1)(B)(iii) because the summary of rights did not include the right of the consumer to dispute information in the file of the consumer under section 1681i of this title.

    53.    Defendant did not comply with 1681g(c)(1)(B)(iv) because the summary of rights did not include the right of the consumer to obtain a credit score from a consumer reporting agency, and a description of how to obtain a credit score.

    54.    Defendant did not comply with 1681g(c)(1)(B)(v) because the summary of rights did not include the method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency without charge, as provided in the regulations of the Bureau

12

prescribed under section 211(c) of the Fair and Accurate Credit Transactions Act of 2003

55.     Defendant did not comply with 1681g(c)(1)(B)(vi) because the summary of rights did not include the method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency described in section 1681a(w) of this title, as provided in the regulations of the Bureau prescribed under section 1681j(a)(1)(C) of this title.

### THIRD CAUSE OF ACTION

### FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF ICRAA

### (Cal. Civ. Code § 1786 *et seq.*)

### (By Plaintiff and the ICRAA Class against all Defendants)

56.     Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

57.     Defendants are "persons" as defined by Section 1786.2(a) of the Investigative Consumer Reporting Agencies Act ("ICRAA").

58.     Plaintiff and **ICRAA Class** members are "consumers" within the meaning Section 1786.2(b) of the ICRAA, because they are "individuals."

59.     Section 1786.2(c) of the ICRAA defines "investigative consumer report" as:

> a consumer report in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through any means.

60.     Thus a background checks qualifies as an investigative consumer report under the ICRAA

61.     Section 1786.16(a)(2) of the ICRAA provides, in relevant part:

> If, at any time, an investigative consumer report is sought for employment purposes…the person seeking the investigative consumer report may procure the report, or cause the report to be made, only if all of the following apply:

> (B) The person procuring or causing the report to be made provides a *clear and conspicuous* disclosure in writing to the consumer at any time before the report is procured or caused to be made *in a document that consists solely of the disclosure*, that:

> (i) An investigative consumer report may be obtained.

> (ii) The permissible purpose of the report is identified.

> (iii) The disclosure may include information on the consumer's character, general reputation, personal characteristics, and mode of living.

> (iv) Identifies the *name, address, and telephone number of the investigative consumer reporting agency* conducting the investigation.

13

(v) Notifies the consumer in writing of the nature and scope of the investigation requested, including the provisions of Section 1786.22.

(vi) *Notifies the consumer of the Internet Web site address of the investigative consumer reporting agency* identified in clause (iv), or, *if the agency has no Internet Web site address, the telephone number of the agency*, where the consumer may find information about the investigative reporting agency's privacy practices, including whether the consumer's personal information will be sent outside the United States or its territories and information that complies with subdivision (d) of Section 1786.20. This clause shall become operative on January 1, 2012.

(C) The consumer has authorized in writing the procurement of the report. (Emphasis added.)

62.     As described above, Plaintiff alleges that in evaluating her and other class members for employment, Defendants procured or caused to be prepared investigative consumer report (e.g. background checks), as defined by Cal. Civ. Code § 1786.2(c).

63.     When Plaintiff applied for employment with Defendants, Defendants required her to fill out and sign a Document entitled "Employment Application" ("Application").

64.     In pertinent part the two page Application states:

> *Applicant in All States Other Than California, Massachusetts and the City of Philadelphia.* Have you been convicted of a felony offense within the last seven years that hasn't been sealed or explunged? If Yes, state the nature of the offense and the date the event took place. (Answernig yes will not necessarily be a bar to employment and will be considered in relationship to the position for which you are applying.)

> *California Applicants Only.* In the last seven years have youever been convicted of a felony that hasn't been sealed or expunged OTHER THAN (1) a marijuana-related conviction that occurred more than two years ago; and (2) an offense for which you were refereed to, and participated in, any pretrial or post trial diversion program? If Yes, state the nature of the offense and the date the event took place. (Answernig yes will not necessarily be a bar to employment and will be considered in relationship to the position for which you are applying.)

65.     The purported disclosures are embedded with extraneous information including but not limited to information pertaining to Pennsylvania applicants and Massachusetts applicants.

66.     Because the purported disclosures are embedded with extraneous information,

14

and are not clear and unambiguous disclosures in stand-alone documents, they do not meet the requirements under the law.

67.     Under the ICRAA, it is unlawful to procure or caused to be procured, a consumer report or investigative consumer report for employment purposes  unless the disclosure is made in a document that consists solely of the disclosure and the consumer has authorized, in writing, the procurement of the report. Cal. Civ. Code § 1786.16(a)(2)(B)-(C). The inclusion of a release as well as extraneous information, therefore, violates § 1786.16(a)(2)(B) of the ICRAA.

68.     The plain language of the statute clearly indicates that the inclusion of extraneous information in a disclosure form violates the disclosure and authorization requirements of the ICRAA, because such a form would not consist "solely" of the disclosure.

69.     By including extraneous information, Defendants willfully violated § 1786.16(a)(2)(B) of the ICRAA.  Additionally, the inclusion of the extraneous provisions causes the disclosure to fail to be "clear and conspicuous" and thus violates § 1786.16(a)(2)(B).

70.     Based upon facts that are likely to have evidentiary support after a reasonable opportunity for investigation and discovery, Plaintiff alleges that Defendants have a policy and practice of failing to provide adequate written disclosures to applicants and employees, before procuring background checks or causing background checks to be procured, as described above. Pursuant to that policy and practice, Defendants procured background checks or caused background checks to be procured for Plaintiff and class members without first providing a written disclosure in compliance with § 1786.16(a)(2)(B) of the ICRAA, as described above.

71.     Defendants' conduct in violation of § 1786.16(a)(2)(B) of the ICRAA was and is willful and/or grossly negligent. Defendants acted in deliberate or reckless disregard of their obligations and the rights of applicants and employees, including Plaintiff and class members. Defendants' willful conduct is reflected by, among other things, the following facts:

(e)     Defendants are large corporations with access to legal advice;

(f)     Defendants required a purported authorization to perform credit and background checks in the process of employing the class members which, although defective, evidences Defendants' awareness of and willful failure to follow the governing laws concerning such authorizations; and

(g)     The plain language of the statute unambiguously indicates that inclusion of a liability release and other extraneous information in a disclosure form violates the

15

disclosure and authorization requirements, and that the disclosure form must contain the name, address, phone number, and/or website address of the investigative consumer reporting agency conducting the investigation.

72.  As a result of Defendants' illegal procurement of background reports by way of their inadequate disclosures, as set forth above, Plaintiff and class members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the ICRAA.

73.  Plaintiff, on behalf of herself and all class members, seeks all available remedies pursuant to Cal. Civ. Code § 1786.50, including statutory damages and/or actual damages, punitive damages, and attorneys' fees and costs.

74.  In the alternative to Plaintiff's allegation that these violations were willful or grossly negligent, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under Cal. Civ. Code § 1786.50(a), including actual damages and attorneys' fees and costs.

### FOURTH CAUSE OF ACTION

### FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF CCRAA

#### (Cal. Civ. Code § 1785 *et seq.*)

#### (By Plaintiff and the CCRAA Class against all Defendants)

75.  Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

76.  Defendants are "persons" as defined by Section 1785.3(j) of the Consumer Credit Reporting Agencies Act ("CCRAA").

77.  Plaintiff and **CCRAA Class** members are "consumers" within the meaning Section 1785.3(b) of the CCRAA, because they are "natural individuals."

78.  Section 1785.3(c) of the ICRAA defines "consumer credit report" as:

> any written, oral, or other communication of any information by a consumer credit reporting agency bearing on a consumer's credit worthiness, credit standing, or credit capacity, which is used or is expected to be used, or collected in whole or in part, for the purpose of serving as a factor in establishing the consumer's eligibility for: ...(2) employment purposes...

79.  Thus a credit report qualifies as a consumer credit report under the CCRAA.

80.  Section 1785.20.5(a) of the CCRAA provides, in relevant part:

16

Prior to requesting a consumer credit report for employment purposes, the user of the report shall provide written notice to the person involved. The notice shall inform the person that a report will be used, and *shall identify the specific basis under subdivision (a) of Section 1024.5 of the Labor Code for use of the report. The notice shall also inform the person of the source of the report...*
(Emphasis added.)

81.     As described above, Plaintiff alleges that in evaluating her and other class members for employment, Defendants procured or caused to be prepared consumer credit reports (e.g. credit reports), as defined by Cal. Civ. Code § 1785.3(c).

82.     When Plaintiff applied for employment with Defendants, Defendants required her to fill out and sign a Document entitled "Employment Application" ("Application").

83.     In pertinent part the two page Application states:

*Applicant in All States Other Than California, Massachusetts and the City of Philadelphia.* Have you been convicted of a felony offense within the last seven years that hasn't been sealed or explunged?  If Yes, state the nature of the offense and the date the event took place. (Answernig yes will not necessarily be a bar to employment and will be considered in relationship to the position for which you are applying.)

*California Applicants Only.* In the last seven years have youever been convicted of a felony that hasn't been sealed or expunged OTHER THAN (1) a marijuana-related conviction that occurred more than two years ago; and (2) an offense for which you were refereed to, and participated in, any pretrial or post trial diversion program?  If Yes,  state the nature of the offense and the date the event took place. (Answernig yes will not necessarily be a bar to employment and will be considered in relationship to the position for which you are applying.)

84.     The Authorization does not inform that person that a report will be used, does not identify the specific basis under subdivision (a) of Section 1024.5 of the Labor Code for use of the credit report. Nor does the Authorization identify the source of any credit report.  Both of these omissions Authorization clearly violate § 1785.20.5(a) of the CCRAA, as delineated above.

85.     Based upon facts that are likely to have evidentiary support after a reasonable opportunity for investigation and discovery, Plaintiff alleges that Defendants have a policy and practice of failing to provide adequate written disclosures to applicants and employees, before procuring credit reports or causing credit reports to be procured, as described above.  Pursuant to that policy and practice, Defendants procured credit reports or caused credit reports to be

17

procured for Plaintiff and class members without first providing a written notice in compliance with § 1785.20.5(a) of the CCRAA, as described above.

86.     Defendants' conduct in violation of § 1785.20.5(a) of the CCRAA was and is willful and/or grossly negligent. Defendants acted in deliberate or reckless disregard of their obligations and the rights of applicants and employees, including Plaintiff and class members. Defendants' willful conduct is reflected by, among other things, the following facts:

(h)     Defendants are large corporations with access to legal advice;

(i)     Defendants required a purported authorization to perform credit checks in the process of employing the class members which, although defective, evidences Defendants' awareness of and willful failure to follow the governing laws concerning such authorizations; and

(j)     The plain language of the statute unambiguously indicates that failure to include the provisions identified above violates the CCRAA's notice requirements, and that the notice must identify the specific basis under subdivision (a) of Section 1024.5 of the Labor Code for use of the credit report and must identify the source of any credit report.

87.     As a result of Defendants' illegal procurement of credit reports by way of their inadequate notice, as set forth above, Plaintiff and class members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the CCRAA.

88.     Plaintiff, on behalf of herself and all class members, seeks all available remedies pursuant to Cal. Civ. Code § 1785.31, including statutory damages and/or actual damages, punitive damages, injunctive relief, and attorneys' fees and costs.

89.     In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under Cal. Civ. Code § 1785.31(a)(1), including but not limited to actual damages and attorneys' fees and costs.

### FIFTH CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS

### (Lab. Code §§ 204, 223, 226.7, 512, and 1198)

### (Plaintiff and Meal Break Sub-Class)

90.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully

18

alleged herein.

91.    At all relevant times, Plaintiff and the **Meal Break Sub-Class** members have been non-exempt employees of Defendants entitled to the full meal period protections of both the Labor Code and the Wage Order.

92.    Labor Code § 512 and Section 11 of the applicable Wage Order impose an affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free, meal periods of at least thirty minutes for each work period of five hours, and to provide them with two uninterrupted, duty-free, meal periods of at least thirty minutes for each work period of ten hours.

93.    Labor Code § 226.7 and Section 11 the Wage Order both prohibit employers from requiring employees to work during required meal periods and require employers to pay non-exempt employees an hour of premium wages on each workday that the employee is not provided with the required meal period.

94.    Compensation for missed meal periods constitutes wages within the meaning of the California Labor Code § 200.

95.    Labor Code § 1198 makes it unlawful to employ a person under conditions that violate the Wage Order.

96.    Section 11 of the Wage Order states: "Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked. An 'on duty' meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time." 8 Cal. Code Regs. § 11040(11).

97.    At all relevant times, Plaintiff was not subject to a valid on-duty meal period agreement. Plaintiff is informed and believes that, at all relevant times, **Meal Break Sub-Class** members were not subject to valid on-duty meal period agreements with Defendants.

*Unprovided Meal Periods*

98.     Plaintiff alleges that, at relevant times during the applicable limitations period, Defendants maintained a policy or practice of requiring Plaintiff and members of the **Meal Break Sub-Class** to clock out for their meal period but continue working.

99.     Plaintiff alleges that, at relevant times during the applicable limitations period, due to Defendants above mentioned policy or practice, Plaintiff and members of the **Meal Break Sub-Class** were not provided with uninterrupted meal periods of at least thirty (30) minutes for each five (5) hour work period, as required by Labor Code § 512 and the Wage Order.

*Late Meal Periods*

100.     Plaintiff alleges that, at relevant times during the applicable limitations period, Defendants maintained a policy or practice of failing to provide Plaintiff and members of the **Meal Break Sub-Class** a meal period before the end of the fifth hour.

101.     Plaintiff alleges that, at relevant times during the applicable limitations period, Defendants maintained a policy or practice of failing to requiring Plaintiff and members of the **Meal Break Sub-Class** to be released for a meal period by a supervisor and/or manager.  Due to the amount of work and pressure to get the job done, Plaintiff and **Meal Break Sub-Class** members were routinely denied a meal period before the end of the fifth hour.

102.     Plaintiff alleges that at all relevant times during the applicable limitations period and as matters of policy and practice, Defendants have failed to pay premium wages to **Meal Break Sub-Class** members when they worked five (5) hours without clocking out for any meal period.

*Unprovided Second Meal Periods*

103.     Plaintiff alleges that at all relevant times during the applicable limitations period and as matters of policy and practice, Plaintiff and **Meal Break Sub-Class** members worked shifts in excess of ten (10) hours approximately two or three times per week.

104.     Plaintiff alleges that at all relevant times during the applicable limitations period and as matters of policy and practice, Defendants employed **Meal Break Sub-Class** members

20

for shifts of ten (10) or more hours without providing them with second meal periods and without paying them premium wages, as required by Labor Code § 512 and the Wage Order.

105.    At all relevant times, Defendants failed to pay Plaintiff and **Meal Break Sub-Class** members additional premium wages, and/or were not paid premium wages at the employees' regular rates of pay when required meal periods were not provided.

106.    Pursuant to Labor Code §§ 204, 218.6, and 226.7, Plaintiff, on behalf of himself and the **Meal Break Sub-Class** members, seeks to recover unpaid premium wages, interest thereon, and costs of suit.

107.    Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and the **Meal Break Sub-Class** members, seeks to recover reasonable attorneys' fees.

## SIXTH CAUSE OF ACTION
### FAILURE TO PROVIDE REST PERIODS
#### (Lab. Code §§ 204, 223, 226.7, and 1198)
#### (Plaintiff and the Rest Break Sub-Class)

108.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

109.    At all relevant times, Plaintiff and **Rest Break Sub-Class** members have been non-exempt employees of Defendants entitled to the full rest period protections of both the Labor Code and the Wage Order.

110.    Section 12 of the Wage Order imposes an affirmative obligation on employers to permit and authorize employees to take required rest periods at a rate of no less than ten minutes of net rest time for each four hour work period, or major portion thereof, that must be in the middle of each work period insofar as is practicable.

111.    Labor Code § 226.7 and Section 12 the Wage Order both prohibit employers from requiring employees to work during required rest periods and require employers to pay non-exempt employees an hour of premium wages at the employees regular rate of pay, on each workday that the employee is not provided with the required rest period(s).

21

112.   Compensation for missed rest periods constitutes wages within the meaning of the California Labor Code § 200.

113.   Labor Code § 1198 makes it unlawful to employ a person under conditions that violate the Wage Order.

114.   Plaintiff alleges that at relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing members of the **Rest Break Sub-Class** members with net rest periods of a least ten (10) minutes for each four (4) hour work period, or major portion thereof, as required by the Wage Order.

115.   At all relevant times, Defendants failed to pay Plaintiff and other **Rest Break Sub-Class** members additional premium wages when required rest periods were not provided.

116.   Pursuant to Labor Code §§ 204, 218.6, and 226.7, Plaintiff, on behalf of himself, **Rest Break Sub-Class** members, seeks to recover unpaid premium wages, interest thereon, and costs of suit.

117.   Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and **Rest Break Sub-Class** members, seeks to recover reasonable attorneys' fees.

## SEVENTH CAUSE OF ACTION

### FAILURE TO PAY HOURLY AND OVERTIME WAGES

#### (Lab. Code §§ 223, 510, 1194, 1197, and 1198)

#### (By Plaintiff, Specialty Commodities/ADM Class)

118.   Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

119.   At all relevant times, Plaintiff and **Specialty Commodities/ADM Class** members are or have been non-exempt employees of Defendants entitled to the full protections of the Labor Code and the Wage Orders.

120.   Section 2 of the Wage Order defines "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

121.    Section 4 of the Wage Order requires an employer to pay non-exempt employees at least the minimum wage set forth therein for all hours worked, which consist of all hours that an employer has actual or constructive knowledge that employees are working.

122.    Labor Code § 1194 invalidates any agreement between an employer and an employee to work for less than the minimum or overtime wage required under the applicable Wage Orders.

123.    Labor Code § 1194.2 entitles non-exempt employees to recover liquidated damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in addition to the underlying unpaid minimum wages and interest thereon.

124.    Labor Code § 1197 makes it unlawful for an employer to pay an employee less than the minimum wage required under the applicable Wage Orders for all hours worked during a payroll period.

125.    Labor Code § 1197.1 provides that it is unlawful for any employer or any other person acting either individually or as an officer, agent, or employee of another person, to pay an employee, or cause an employee to be paid, less than the applicable minimum wage.

126.    Labor Code § 1198 makes it unlawful for employers to employ employees under conditions that violate the Wage Order.

127.    Labor Code § 204 requires employers to pay non-exempt employees their earned wages for the normal work period at least twice during each calendar month on days the employer designates in advance and to pay non-exempt employees their earned wages for labor performed in excess of the normal work period by no later than the next regular payday.

128.    Labor Code § 223 makes it unlawful for employers to pay their employees lower wages than required by contract or statute while purporting to pay them legal wages.

129.    Labor Code § 510 and Section 3 of the Wage Order require employers to pay non-exempt employees overtime wages of no less than one and one-half times their respective regular rates of pay for all hours worked in excess of eight hours in one workday, all hours worked in excess of forty hours in one workweek, and/or for the first eight hours worked on the seventh consecutive day of one workweek.

23

130. Labor Code § 510 and Section 3 of the Wage Order also require employers to pay non-exempt employees overtime wages of no less than two times their respective regular rates of pay for all hours worked in excess of twelve hours in one workday and for all hours worked in excess of eight hours on a seventh consecutive workday during a workweek.

131. Plaintiff is informed and believes that, at all relevant times, Defendants have applied centrally devised policies and practices to him and **Specialty Commodities/ADM Class** members with respect to working conditions and compensation arrangements.

### *Overtime and Double Time*

132. At relevant times during the applicable limitations period, Defendants maintained a policy or practice of requiring Plaintiff and members of the **Specialty Commodities/ADM Class** to work shifts in excess of ten (10) hours without paying them overtime and double time wages for all overtime and double time hours worked.

133. As a result of Defendants' unlawful conduct, Plaintiff and the other class members have suffered damages in an amount, subject to proof, to the extent they were not paid the full amount of wages earned during each pay period during the applicable limitations period, including overtime wages.

134. Pursuant to Labor Code §§ 204, 218.6, 223, 510, 1194, and 1194.2 Plaintiff, on behalf of himself and **Specialty Commodities/ADM Class** members, seeks to recover unpaid straight time and overtime wages, interest thereon, and costs of suit.

135. Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and **Specialty Commodities/ADM Class** members, seeks to recover reasonable attorneys' fees.

### EIGHTH  CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS

### (Lab. Code § 226)

### (By Plaintiff and Wage Statement Penalties Sub-Class)

136. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully

---

24

alleged herein.

137. Labor Code § 226(a) states in pertinent part the following: " (a) every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employer, except for an employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is aid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one time, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer".

138. Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements as described supra in this complaint.

139. Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements that that comply with the requirements of Labor Code § 226(a) because applicable meal and rest period premiums were not included and thus gross wages earned was not accurately reflected.

140. Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements that that comply with the requirements of Labor Code § 226(a) because overtime and double time wages for all overtime and double time hours worked was not included and thus gross wages earned was not accurately reflected.

25

141.    Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements that that comply with the requirements of Labor Code § 226(a)  because total hours worked is not reflected.

142.    Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements that that comply with the requirements of Labor Code § 226(a)  because applicable meal and rest period premiums were not included and thus net wages earned was not accurately reflected.

143.    Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements that that comply with the requirements of Labor Code § 226(a)  because overtime and double time wages for all overtime and double time hours worked was not included and thus net wages earned was not accurately reflected.

144.    Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements that that comply with the requirements of Labor Code § 226(a)  because the name and address of the legal entity  that is the employer is not reflected.

145.    Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements that that comply with the requirements of Labor Code § 226(a)  because the rate for premiums hours worked is not reflected.

146.    Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements that that comply with the requirements of Labor Code § 226(a)  because gross wages earned was not included.

147.    Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage

26

statements that that comply with the requirements of Labor Code § 226(a)  because hourly and overtime wages for time spent working during unpaid meal periods was not included and thus gross wages earned was not accurately reflected.

148.    Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements that that comply with the requirements of Labor Code § 226(a)  because applicable meal and rest period premiums were not included and thus gross wages earned was not accurately reflected.

149.    Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements that that comply with the requirements of Labor Code § 226(a)  because overtime and double time wages for all overtime and double time hours worked was not included and thus gross wages earned was not accurately reflected.

150.    Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements that that comply with the requirements of Labor Code § 226(a)  because hourly and overtime hours for time spent working during unpaid meal periods was not included and thus total hours worked was not accurately reflected

151.    Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements that that comply with the requirements of Labor Code § 226(a)  because hourly and overtime wages for time spent working during unpaid meal periods was not included and thus net wages earned was not accurately reflected.

152.    Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements that that comply with the requirements of Labor Code § 226(a)  because applicable meal and rest period premiums were not included and thus net wages earned was not accurately reflected.

27

153.     Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements that that comply with the requirements of Labor Code § 226(a)  because overtime and double time wages for all overtime and double time hours worked was not included and thus net wages earned was not accurately reflected.

154.     Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements that that comply with the requirements of Labor Code § 226(a)  because the name and address of Direct Produce is not listed.

155.     Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements that that comply with the requirements of Labor Code § 226(a)  because hourly and overtime hours for time spent working during unpaid meal periods was not included and thus all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee was not accurately reflected.

156.     Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements that that comply with the requirements of Labor Code § 226(a)  because overtime and double time hours for all overtime and double time hours worked was not included and thus all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee was not accurately reflected.

157.     Plaintiff is informed and believes that Defendants' failures to provide him and **Wage Statement Penalties Sub-Class** members with accurate written wage statements have been intentional in that Defendants have the ability to provide them with accurate wage statements but have intentionally provided them with written wage statements that Defendants have known to not comply with Labor Code 226(a).

158.     Plaintiff and **Wage Statement Penalties Sub-Class** members have suffered injuries, in that Defendants have violated their legal rights to receive accurate wage

statements and have misled them about their actual rates of pay and wages earned. In addition, inaccurate information on their wage statements has prevented immediate challenges to Defendants' unlawful pay practices, has required discovery and mathematical computations to determine the amount of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and/or has led to the submission of inaccurate information about wages and deductions to state and federal government agencies.

159.     Pursuant to Labor Code § 226(e), Plaintiff, on behalf of himself and **Wage Statement Penalties Sub-Class** members, seeks the greater of actual damages or $50.00 for the initial pay period in which a violation of Labor Code § 226(a) occurred, and $100.00 for each subsequent pay period in which a violation of Labor Code § 226(a) occurred, not to exceed an aggregate penalty of $4000.00 per class member, as well as awards of reasonable costs and attorneys' fees.

## NINTH CAUSE OF ACTION

### UNFAIR COMPETITION

### (Bus. & Prof. Code §§ 17200, *et seq.*)

### (By Plaintiff and UCL Class)

160.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

161.     Business and Professions Code § 17200 defines "unfair competition" to include any unlawful business practice.

162.     Business and Professions Code §§ 17203–17204 allow a person who has lost money or property as a result of unfair competition to bring a class action in accordance with Code of Civil Procedure § 382 to recover money or property that may have been acquired from similarly situated persons by means of unfair competition.

163.     California law requires employers to pay hourly, non-exempt, employees for all hours they are permitted or suffered to work, including hours that the employer knows or reasonably should know that employees have worked.

164.     Plaintiff and the UCL Class realleges and incorporates by reference the

29

FIFTH, SIXTH, and SEVENTH causes of action herein.

165.     Plaintiff lost money or property as a result of the aforementioned unfair competition.

166.     Defendants have, or may have, acquired money by means of unfair competition.

167.     Plaintiff is informed and believes and theron alleges that, by committing the Labor Code violations described in this complaint, Defendants violated Labor Code §§ 215, 216, 225, 226.6, 354, 408, 553, 1175, and/or 1199, which make it a misdemeanor to commit the Labor Code violations mentioned herein.

168.     Defendants have committed criminal conduct through their policies and practices of, *inter alia*, failing to comport with their affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free, meal periods of at least thirty minutes for each work period of five or more hours and by failing to pay non-exempt employee for all hours worked.

### *Wages and Premium Wages*

169.     At all relevant times, Plaintiff and **UCL Class** members have been non-exempt employees of Defendants and entitled to the full protections of both the Labor Code and the Wage Order.

170.     As stated above, Defendants have violated the Labor Code in multiple respects with regard to Plaintiff and **UCL Class** members, including but not limited to failing to pay them wages, , failing to pay them premium wages, and failing to provide them with accurate wage statements, and failing to pay them all wages due upon separation of employment.

171.     Defendants have, or may have, acquired money or property from **UCL Class** members by means of unfair competition in that Plaintiff is informed and believes and thereon alleges that Defendants have failed to pay Plaintiff and **UCL Class** members wages and premium wages in for missed meal and/or rest periods.

///

*Quiruz v. Specialty Commodities, Inc., et al.*                    Class Action Complaint

*Relief Sought*

172.    The unlawful conduct of Defendants alleged herein amounts to and constitutes unfair competition within the meaning of Business & Professions Code §§ 17200, *et seq.* Business & Professions Code §§ 17200, *et seq.*, protects against unfair competition and allows a person who has suffered an injury-in-fact and has lost money or property as a result of an unfair, unlawful, or fraudulent business practice to seek restitution on his own behalf and on behalf of other similarly situated persons in a class action proceeding.

173.    As a result of Defendants' violations of the Labor Code during the applicable limitations period as alleged herein, Plaintiff has suffered an injury-in-fact and has lost money or property in the form of earned wages. Specifically, Plaintiff has lost money or property as a result of the aforementioned conduct.

174.    Plaintiff is informed and believes that other similarly situated persons have been subject to the same unlawful policies or practices of Defendants.

175.    Due to its unfair and unlawful business practices in violation of the Labor Code as alleged herein, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their legal obligations under the Labor Code.

176.    Pursuant to Business & Professions Code § 17203, Plaintiff, on behalf of himself and the other members of the **UCL Class**, seeks declaratory relief and restitution of all monies rightfully belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful and unfair business practices.

177.    Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiff and the other members of the **UCL Class** are entitled to recover reasonable attorneys' fees in connection with their unfair competition claims.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, all others similarly situated, prays for relief and judgment against Defendants as follows:

*Quiruz v. Specialty Commodities, Inc., et al.*                                    Class Action Complaint

A. An order that the action be certified as a class action;

B. An order that Plaintiff be appointed class representative;

C. An order that counsel for Plaintiff be appointed class counsel;

D. Unpaid Wages;

E. Actual Damages;

F. Restitution;

G. Declaratory relief;

H. Pre-judgment interest;

I. Statutory penalties;

J. Civil penalties;

K. Costs of suit;

L. Reasonable attorneys' fees; and

M. Such other relief as the Court deems just and proper

### DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself, all others similarly situated, hereby demands a jury trial on all issues so triable.

DATED: May 1, 2017

SETAREH LAW GROUP

BY _____
SHAUN SETAREH
THOMAS SEGAL
H. SCOTT LEVIANT
Attorneys for Plaintiff,
ANDREW QUIRUZ

# SANTA CLARA COUNTY SUPERIOR COURT
# ALTERNATIVE DISPUTE RESOLUTION
# INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

### What is ADR?
ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

### What are the advantages of choosing ADR instead of litigation?
ADR can have a number of advantages over litigation:

- **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

- **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

- **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

- **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

- **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

### What are the main forms of ADR offered by the Court?
**Mediation** is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

Mediation may be appropriate when:
- The parties want a non-adversary procedure
- The parties have a continuing business or personal relationship
- Communication problems are interfering with a resolution
- There is an emotional element involved
- The parties are interested in an injunction, consent decree, or other form of equitable relief

**Neutral evaluation**, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
- The parties are far apart in their view of the law or value of the case
- The case involves a technical issue in which the evaluator has expertise
- Case planning assistance would be helpful and would save legal fees and costs
- The parties are interested in an injunction, consent decree, or other form of equitable relief

-over-

**Arbitration** is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties and then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:
- The action is for personal injury, property damage, or breach of contract
- Only monetary damages are sought
- Witness testimony, under oath, needs to be evaluated
- An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

**Civil Judge ADR** allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:
- The parties have complex facts to review
- The case involves multiple parties and problems
- The courthouse surroundings would be helpful to the settlement process

**Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.
Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

**Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.
Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*
Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?*

*Contact:*
Santa Clara County Superior Court
ADR Administrator
408-882-2530

Santa Clara County DRPA Coordinator
408-792-2784

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET
CIVIL DIVISION**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA**
**191 N. FIRST STREET**
**SAN JOSE, CA 95113-1090**

E-FILED
5/3/2017 2:09:36 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
17CV309552
Reviewed By:R. Walker

TO:     FILE COPY

RE:                     <u>**Quiruz v. Specialty Commodities, Inc., et al.**</u>
CASE NUMBER:     **17CV309552**

### ORDER DEEMING CASE COMPLEX AND STAYING DISCOVERY

WHEREAS, the Complaint was filed by Plaintiff **ANDREW QUIRUZ** ("Plaintiff") in the Superior Court of California, County of Santa Clara, on **May 3, 2017** and assigned to Department **5** (Complex Civil Litigation), the **Honorable Thomas E. Kuhnle** presiding, pending a ruling on the complexity issue;

IT IS HEREBY ORDERED that:
The Court determines that the above-referenced case is **COMPLEX** within the meaning of California Rules of Court 3.400. The matter remains assigned, for all purposes, including discovery and trial, to Department **5** (Complex Civil Litigation), the **Honorable Thomas E. Kuhnle** presiding.

The parties are directed to the Electronic Filing and Service Standing Order and to the <u>Complex Civil Guidelines</u>, copies of which may be downloaded from the Court's website.

Electronic service under this Order shall be construed by the Court and all parties to be equivalent to personal service. The two court days extension of time for electronic service under CCP § 1010.6(a)(4) does not apply. Any document for which service has not been completed by 5:00 p.m. is deemed served the following business day.

All parties are hereinafter ordered to submit to the Court's E-Filing website digital copies of all documents that were previously manually filed prior to the entry of this Order.

Pursuant to California Rules of Court, Rule 3.254, the creation and maintenance of the Master Service List shall be under the auspices of (1) Plaintiff **ANDREW QUIRUZ**, as the first-named party in the Complaint, and (2) the first-named party in each Cross-Complaint, if any.

Pursuant to Government Code section 70616(c), each party's complex case fee is due within ten (10) calendar days of this date.

Plaintiff shall serve a copy of this Order on all parties forthwith and file a proof of service within seven (7) days of service.

Any party objecting to the complex designation must file an objection and proof of service within ten (10) days of service of this Order. Any response to the objection must be filed within seven (7) days of service of the objection. The Court will make its ruling on the submitted pleadings.

The Case Management Conference remains set for **September 1, 2017 at 10:00 a.m. in Department 1** and all counsel are ordered to attend in person.

Counsel for all parties are ordered to meet and confer in person at least 15 days prior to the First Case Management Conference and discuss the following issues:

1

1. Issues related to recusal or disqualification;
2. Issues of law that, if considered by the Court, may simplify or further resolution of the case, including issues regarding choice of law;
3. Appropriate alternative dispute resolution (ADR), for example, mediation, mandatory settlement conference, arbitration, mini-trial;
4. A plan for preservation of evidence and a uniform system for identification of documents throughout the course of this litigation;
5. A plan for document disclosure/production and additional discovery; which will generally be conducted under court supervision and by court order;
6. Whether it is advisable to address discovery in phases so that information needed to conduct meaningful ADR is obtained early in the case (counsel should consider whether they will stipulated to limited merits discovery in advance of certification proceedings), allowing the option to complete discovery if ADR efforts are unsuccessful;
7. Any issues involving the protection of evidence and confidentiality;
8. The handling of any potential publicity issues;

Counsel for Plaintiff is to take the lead in preparing a Joint Case Management Conference Statement to be filed fifteen calendars days prior to the First Case Management Conference, and include the following:

1. A Statement as to whether additional parties are likely to be added and a proposed date by which all parties must be served;
2. Service lists identifying all primary and secondary counsel, firm names, addresses, telephone numbers, email addresses and fax numbers for all counsel;
3. A description of all discovery completed to date and any outstanding discovery as of the date of the conference;
4. Applicability and enforceability of arbitration clauses, if any;
5. A list of all related litigation pending in other courts, including Federal Court, and a brief description of any such litigation, and a statement as to whether any additional related litigation is anticipated (CRC 3.300);
6. A description of factual and legal issues – the parties should address any specific contract provisions the interpretation of which may assist in resolution of significant issues in the case;
7. The parties' tentative views on an ADR mechanism and how such mechanism might be integrated into the course of the litigation;
8. Whether discovery should be conducted in phases or limited; and if so, the order of phasing or types of limitations of discovery. If this is a class action lawsuit, the parties should address the issue of limited merits discovery in advance of class certification motions.

To the extent the parties are unable to agree on the matters to be addressed in the Joint Case Management Conference Statement, the positions of each party or of various parties should be set forth separately and attached to this report as addenda. The parties are encouraged to propose, either jointly or separately, any approaches to case management they believe will promote the fair and efficient handling of this case. The Court is particularly interested in identifying potentially dispositive or significant threshold issues the early resolution of which may assist in moving the case toward effective ADR and/or a final disposition.

If this is a class action lawsuit, a copy of the Court's Guidelines for Motions relating to Class Certification is attached to this Order. The Court may set a briefing schedule for Plaintiff's class certification motion at the time of the conference.

Pending further order of this Court, the service of discovery and the obligation to respond to any outstanding discovery is stayed. However, Defendant(s) shall file a Notice of Appearance for

2

purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance shall be without prejudice to the later filing of a motion to quash to contest jurisdiction. Parties shall not file or serve responsive pleadings, including answers to the complaint, motions to strike, demurrers, motions for change of venue and cross-complaints until a date is set at the First Case Management Conference for such filings and hearings.

This Order is issued to assist the Court and the parties in the management of this "Complex" case through the development of an orderly schedule for briefing and hearings. This Order shall not preclude the parties from continuing to informally exchange documents that may assist in their initial evaluation of the issues presented in this Case.

Plaintiff shall serve a copy of this Order on all the parties in this matter forthwith.

SO ORDERED.

Date: 5·3·17

Hon. Thomas E. Kuhnle
Judge of the Superior Court

If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the American with Disabilities Act, please contact the Court Administrator's office at (408) 882-2700, or use the Court's TDD line, (408) 882-2690 or the Voice/TDD California Relay Service, (800) 735-2922.

3

# Filing Submitted

Envelope Number: **613776**

The filing below has been submitted to the clerks office for review. Please allow up to 24 business hours for clerk office processing.

| Contact Your Service Provider With Any Questions |
| :---: |

 Online: http://www.firstlegalnetwork.com
(801) 448-7268

| Filing Details | |
| :---: | :--- |
| **Court** | Santa Clara Superior Court |
| **Date/Time Submitted:** | 6/7/2017 2:50:41 PM PDT |
| **Filing Type:** | Answer/Response/Denial/Demurrer - First Appearance |
| **Activity Requested:** | EFile |
| **Filed By:** | Alexis Souhlaris |

| Fee Details | | | |
| :--- | :--- | :--- | :--- |
| This envelope is pending review and fees may change. | | | |
| Case Fee Information | | | $65.94 |
| Payment Service Fees | | | $60.94 |
| E-File Fees | | | $5.00 |
| Answer/Response/Denial/Demurrer - First Appearance | | | $1,870.00 |
| Court Fees | | | $435.00 |
| • Optional Services | Fee Per | Quantity | |
| • First appearance fee (additional defendants) | $435.00 | 1 | $435.00 |
| • Additional fee for case designated as complex (for each defendant, up to $18,000 total for case) | $1,000.00 | 1 | $1,000.00 |

**Total:** $1,935.94 (The envelope still has pending filings and the fees are subject to change)

| Document Details |
| :---: |

| Lead File: | 3354003_ADM_ANSWER_TO_COMPLAINT.pdf |
|---|---|
| **Lead File Page Count:** | 13 |
| **File Copy** | https://california.tylerhost.net/ViewDocuments.aspx?FID=3484a736-c9a1-4769-922c-1e745d3ea18a<br>This link is active for 45 days. |

1   Max C. Fischer, SBN 226003
    mfischer@sidley.com
2   Aimee G. Mackay, SBN 221690
    amackay@sidley.com
3   Abigail K. Woodruff, SBN 312594
    awoodruff@sidley.com
4   SIDLEY AUSTIN LLP
    555 West Fifth Street, Suite 4000
5   Los Angeles, California  90013
    Telephone:  (213) 896-6000
6   Facsimile:  (213) 896-6600
    Attorneys for Defendants Archer-Daniels-Midland Company and
7   Specialty Commodities, Inc.,

8                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                         FOR THE COUNTY OF SANTA CLARA

10

11  ANDREW QUIRUZ, individually, and on    )Case No.  17CV309552
    behalf of all others similarly situated.  )
12                                          )
                                            )
13          Plaintiff,                      )**DEFENDANTS ARCHER-DANIELS-**
                                            )**MIDLAND COMPANY'S AND SPECIALTY**
14  vs.                                     )**COMMODITIES, INC.'S ANSWER AND**
                                            )**AFFIRMATIVE DEFENSES TO**
15  SPECIALTY COMMODITIES, INC., a North    )**PLAINTIFF'S COMPLAINT**
    Dakota corporation, ARCHER-DANIELS-     )
16  MIDLAND COMPANY, a business entity      )
    form unknown; and DOES 1-50, inclusive, )
17                                          )
            Defendants.                     )
18                                          )
                                            )
19                                          )
                                            )
20  _____    )

21

22

23

24

25

26

27

28

**ANSWER TO COMPLAINT**

Defendants Archer-Daniels-Midland company ("ADM") and Specialty Commodities, Inc. ("SCI") (together, "Defendants") hereby answer the unverified Complaint of Andrew Quiruz, individually and on behalf of others similarly situated, purportedly of both a class action, (collectively, "Plaintiffs"), and deny and alleges as follows:

**GENERAL DENIAL:**

Pursuant to California Code of Civil Procedure Section 431.30, Defendants generally deny the allegations of Plaintiffs' unverified Complaint ("the Complaint"), and specifically deny that Plaintiffs have been injured in the amount or manner alleged, or in any other amount or manner, and further specifically that they are liable to Plaintiffs for any amount whatsoever.

**AFFIRMATIVE DEFENSES:**

Defendants' affirmative defenses are as follows:

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

1.      The Complaint and each and every purported cause of action alleged therein fails to state facts sufficient to constitute a cause of action against Defendants.

**SECOND AFFIRMATIVE DEFENSE**

(Statute of Limitations)

2.      The Complaint and each and every purported cause of action alleged therein is barred, in whole or in part, by the applicable statute of limitations.

**THIRD AFFIRMATIVE DEFENSE**

(Lack of Standing)

3.      Plaintiffs lack standing to assert the Complaint or any purported claim for relief alleged therein on behalf of themselves or others.

**FOURTH AFFIRMATIVE DEFENSE**

(Estoppel)

4.      Plaintiffs and the alleged class action members are estopped from recovering any relief by the Complaint or any purported cause of action alleged therein, based on their conduct

1  and/or representations or that of their authorized agents.

## FIFTH AFFIRMATIVE DEFENSE

(Waiver)

5.    Based on the conduct of Plaintiffs and/or the alleged class action members, Plaintiffs and the alleged class action members have waived any right to recover any relief by the Complaint or any purported cause of action alleged therein.

## SIXTH AFFIRMATIVE DEFENSE

(Laches)

6.    The Complaint and each purported cause of action alleged therein is barred, in whole or in part, by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

7.    Plaintiffs and the alleged class action members have or had unclean hands with respect to the matters alleged in the Complaint and are therefore barred from recovering any relief on the Complaint or any purported cause of action alleged therein.

## EIGHTH AFFIRMATIVE DEFENSE

(Payment of Wages)

8.    Plaintiffs' and alleged class action members' Complaint and each of the purported causes of action therein is barred because Plaintiffs and each putative class and collective action member have received proper and timely payment for all hours worked.

## NINTH AFFIRMATIVE DEFENSE

(LMRA Preemption)

9.    Plaintiffs' and alleged class action members' Complaint and each of the purported causes of action therein arise out of and/or require the interpretation of a collective bargaining agreement.  Accordingly, the Complaint and each of the purported causes of action therein are preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. §185.

222298304

**TENTH AFFIRMATIVE DEFENSE**

(Failure to Exhaust Grievance Procedures)

10.     Plaintiffs' and alleged class members' employment was governed by a collective bargaining agreement.  Pursuant to the collective bargaining agreement, all disputes that relate to Plaintiffs' and alleged class action members' employment were required to be resolved through the collective bargaining agreement's grievance and arbitration procedures.  Plaintiffs and alleged class action members have not exhausted their remedies pursuant to the collective bargaining agreement's grievance and arbitration procedures and, accordingly, their claims are barred.

**ELEVENTH AFFIRMATIVE DEFENSE**

(No Proper Representative Claim)

11.     The cause of action claiming unfair business practices in violation of California Business and Professions Code Section 17200, *et seq.* is not appropriate for resolution on a representative basis.

**TWELFTH AFFIRMATIVE DEFENSE**

(Lack of Specificity)

12.     The cause of action claiming unfair business practices in violation of California Business and Professions Code Section 17200, *et seq.* is barred because Plaintiffs failed to plead specific facts capable of stating a claim for unfair business practices.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Lack of Actual Injury)

13.     Plaintiffs' cause of action claiming unfair business practices in violation of California Business and Professions Code Sections 17200, *et seq.*, is barred because Plaintiffs and the purported class members did not suffer actual injury.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Set-Off/Offset/Recoupment)

14.     Some or all of the purported causes of action in the Complaint are subject to setoff, offset and/or recoupment.

DEFENDANTS ARCHER-DANIELS-MIDLAND COMPANY'S AND
SPECIALTY COMMODITIES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

222298304

1

## FIFTEENTH AFFIRMATIVE DEFENSE

2

(Consent)

3      15.      The Complaint, and each cause of action alleged therein, is barred, in whole or in

4   part, because of the ratification, agreement, acquiescence or consent to Defendants' alleged conduct

5   by Plaintiffs and/or the alleged class action members or their authorized agents.

6

## SIXTEENTH AFFIRMATIVE DEFENSE

7

(Settlement and Release)

8      16.      Some or all of the purported causes of action in the Complaint are subject to the

9   doctrine of settlement and release.

10

## SEVENTEENTH AFFIRMATIVE DEFENSE

11

(No Employment Relationship)

12      17.      Plaintiffs and the alleged class action members were or are not employed by

13   Defendants, and accordingly, Plaintiffs have no claims against Defendants.

14

## EIGHTEENTH AFFIRMATIVE DEFENSE

15

(Claims Not Common or Typical)

16      18.      Plaintiffs' alleged claims are neither common to nor typical of those, if any, of the

17   alleged class action members whom Plaintiffs purport to represent.

18

## NINETEENTH AFFIRMATIVE DEFENSE

19

(Superiority)

20      19.      Plaintiffs' class claims are not maintainable for, among other reasons, failure to

21   satisfy the superiority requirement.

22

## TWENTIETH AFFIRMATIVE DEFENSE

23

(Numerosity)

24      20.      Plaintiffs' class claims are not maintainable because, among other reasons, the

25   putative class that Plaintiffs purport to represent lacks numerosity.

26

## TWENTY-FIRST AFFIRMATIVE DEFENSE

27

(Inadequacy of Class Representative)

28      21.      Plaintiff is not a proper representative of the class that Plaintiff purports to represent

4

222298304

1   and, accordingly, this action is not properly brought as a class action.

2   **TWENTY-SECOND AFFIRMATIVE DEFENSE**

3   (Uncertainty)

4   22.     Plaintiffs' claims, and the claims of each purported class action member, are barred in

5   whole or in part because the Complaint is uncertain and the purported class action definitions are

6   ambiguous and/or conclusory.

7   **TWENTY-THIRD AFFIRMATIVE DEFENSE**

8   (No Willful Violation of the California Labor Code)

9   23.     Plaintiffs may not recover any penalties as prayed for in the Complaint under the

10  California Labor Code because Defendants did not willfully fail to pay overtime wages, or fail to act

11  in good faith.

12  **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

13  (Conduct Reasonable and In Good Faith/Not Willful, Knowing or Intentional)

14  24.     If Defendants are found to have failed to maintain payroll records or wage statements

15  or to pay Plaintiffs and/or any purported class action member any amount due, which Defendants

16  deny, Defendants acted at all times on the basis of a good faith and reasonable belief that it had

17  complied fully with applicable wage and hour laws.  Defendants' conduct was not willful, knowing,

18  or intentional within the meaning of the California Labor Code.

19  **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

20  (Good Faith)

21  25.     Any alleged failure to pay Plaintiffs and/or any purported class member was based on

22  a good faith understanding of any applicable administrative regulation, order, ruling, approval,

23  interpretation, administrative practice, and/or enforcement policy of the California Industrial Welfare

24  Commission, the California Division of Labor Standards Enforcement, the United States Department

25  of Labor, and/or other governmental agencies.

26  **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

27  (Failure To Mitigate Damages)

28  26.     Plaintiffs, and the purported class members, were and are under a duty to mitigate

5

1  their damages, if any, and to the extent they have failed to fulfill such duties, Defendants are

2  exonerated from any liability to them, and all damages alleged, if any, are the sole and proximate

3  result of the failure of Plaintiffs and the purported class action members to mitigate damages.

4  ### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

5  (Adequate Legal Remedy)

6  27.     The Complaint, and each cause of action alleged therein, is barred to the extent that

7  Plaintiff and certain members of the purported class action seek equitable relief, because the injuries

8  or damages that Plaintiff and certain members of the purported class action allegedly suffered, if

9  any, would be compensated adequately in an action at law for damages.  Accordingly, Plaintiff and

10  certain members of the purported class action have complete and adequate remedies at law, and

11  therefore are not entitled to equitable relief.

12  ### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

13  (Express or Implied Release)

14  28.     The Complaint, and each cause of action alleged therein, is barred to the extent that

15  Plaintiffs and certain members of the purported class action either have expressly or impliedly

16  released Defendants from the claims asserted in the Complaint, as such releases constitute a waiver

17  of the claims now being asserted in the Complaint.

18  ### TWENTY-NINTH AFFIRMATIVE DEFENSE

19  (Setoff and Recoupment)

20  29.     Defendants deny that Defendants acted unlawfully or improperly toward Plaintiff or

21  any member of the purported class action.  However, with regard to any potential award to Plaintiff

22  and or any member of the purported class action for alleged unpaid wages, Defendants would be

23  entitled under the equitable doctrine of setoff and recoupment to offset all overpayments to Plaintiff

24  or any member of the purported class action, and/or all obligations of Plaintiffs or any member of the

25  purported class action owed to Defendants against any judgment that may be entered against

26  Defendants.

27

28

222298304

1

## THIRTIETH AFFIRMATIVE DEFENSE

2

(No Entitlement to a Jury Trial – Certain Claims)

3      30.      Plaintiffs are not entitled to a trial by jury on certain of their claims, including their

4    claim under the California Business and Professions Code Section 17200 *et seq*., and any other claim

5    for equitable relief, including but not limited to any claim for penalties or liquidated damages.

6

## THIRTY-FIRST AFFIRMATIVE DEFENSE

7

(Conflict of Interest)

8      31.      Certain of the interests of the purported class members are in conflict with the

9    interests of other purported class members.

10

## THIRTY-SECOND AFFIRMATIVE DEFENSE

11

(No Violation of Underlying Law)

12      32.      Defendants are not liable for violation of unlawful business practices pursuant to

13    California Business and Professions Code Section 17200 *et seq*., because Defendants are not liable

14    to Plaintiffs or to any member of the purported class action for any alleged violation of any

15    underlying law.

16

## THIRTY-THIRD AFFIRMATIVE DEFENSE

17

(Irreparable Harm)

18      33.      Plaintiffs' claims for injunctive, declaratory, or other equitable relief, and the claims

19    of the purported class action members, are barred in light of the fact that Plaintiffs and the putative

20    class action members have not suffered and will not suffer irreparable harm due to any alleged

21    conduct by Defendants.

22

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

23

(Failure to Perform)

24      34.      If Plaintiffs' allegations state a cause of action, then Defendants' failure to perform

25    their obligations, if any, is the result of Plaintiffs' failure to perform their obligations as required,

26    and performance on the part of Plaintiffs is a condition precedent which Plaintiffs failed to fulfill,

27    thus excusing the performance of Defendants' obligations, if any.

28

7

DEFENDANTS ARCHER-DANIELS-MIDLAND COMPANY'S AND
SPECIALTY COMMODITIES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

222298304

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Arbitration)

35.     Certain putative class members and Defendants are parties to a valid pre-dispute arbitration agreement that is governed by the Federal Arbitration Act, the terms of which cover the claims alleged in the Complaint.  Therefore, certain putative class members' claims are not properly before this Court.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Action Unconstitutional)

36.     Plaintiffs' Complaint, including specifically the class action allegations set forth therein, is barred because the certification of a class, based upon the facts and circumstances of this case, would constitute a denial of Defendants' right to due process and equal protection under the Fifth and Fourteenth Amendment to the United States Constitution and also under the California Constitution.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Due Process/Excessive Fine)

37.     Although Defendants deny that they have committed or have responsibility for any act that could support the recovery of civil penalties in this lawsuit, if and to the extent any such act or responsibility is found, recovery of civil penalties against Defendants are unconstitutional under numerous provisions of the United States Constitution and the California Constitution, including the excessive fines clause of the Eighth Amendment, the due process clauses of the Fifth Amendment and Section 1 of the Fourteenth Amendment, the self-incrimination clause of the Fifth Amendment, and other provisions of the United States Constitution, and the excessive fines clause of Section 17 of Article 1, the due process clause of Section 7 of Article I, the self-incrimination clause of Section 15 of Article 1, and other provisions of the California Constitution and are otherwise punitive and confiscatory in nature.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (FCRA Compliant)

38.     Defendants have fully complied with the Fair Credit Reporting Act, 15 U.S.C. § 1681

8

*et seq.*, and are entitled to each and every defense and limitation of liability provided by the Fair Credit Reporting Act.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

(Reasonable Procedures)

39.     Defendants contend that the Complaint, and each purported claim for relief therein, is barred because at all relevant times, Defendants maintained reasonable procedures to assure compliance with the Fair Credit Reporting Act pursuant to 15 U.S.C. § 1681 *et seq.*

### FORTIETH AFFIRMATIVE DEFENSE

(Immunity)

40.     Defendants allege the Complaint, and each claim for relief therein, is barred to the extent that Defendants are immune from liability under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*

### FORTY-FIRST AFFIRMATIVE DEFENSE

(Not Willful)

41.     Although Defendants specifically deny that any violation of the Fair Credit Reporting Act occurred, to the extent that any violation occurred, said violation was not willful within the meaning of 15 U.S.C. § 1681(n).

### FORTY-SECOND AFFIRMATIVE DEFENSE

(Substantial Compliance)

42.     Although Defendants specifically deny that any violation of the Fair Credit Reporting Act occurred, to the extent that any violation occurred, Defendants substantially complied with the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*

### FORTY-THIRD AFFIRMATIVE DEFENSE

(Preemption)

43.     Plaintiffs' Third and Fourth causes of action for violations of the Investigative Consumer Reporting Agencies Act (Cal. Civ. Code § 1786 *et seq.*) and Consumer Credit Reporting Agencies Act (California Civil Code § 1785 *et seq.*) are barred to the extent that they are preempted by the Fair Credit Reporting Act.

9

1

## FORTY-FOURTH AFFIRMATIVE DEFENSE

2

(ICRAA Compliant)

3

44.     Defendants have fully complied with the Investigative Consumer Reporting Agencies

4

Act, California Civil Code § 1786 *et seq*., and are entitled to each and every defense and limitation

5

of liability provided by the Investigative Consumer Reporting Agencies Act.

6

## FORTY-FIFTH AFFIRMATIVE DEFENSE

7

(CCRAA Compliant)

8

45.     Defendants have fully complied with the Consumer Credit Reporting Agencies Act,

9

California Civil Code § 1785 *et seq*., and are entitled to each and every defense and limitation of

10

liability provided by the Consumer Credit Reporting Agencies Act.

11

12

## ATTORNEYS' FEES

13

As a consequence of Plaintiffs' bringing or maintaining this action, Defendants have been

14

required to retain counsel to defend themselves, and Defendants are entitled to recover their

15

attorneys' fees incurred herein.

16

## RESERVATION OF RIGHT TO AMEND ANSWER

17

Defendants hereby give notice that they intend to rely on such other and further defenses as

18

may become available during discovery in this action and reserve the right to amend their answer to

19

assert any such defenses.

20

WHEREFORE, Defendants pray as follows:

21

1.     That Plaintiffs and the alleged class members take nothing by reason of their

22

Complaint and that judgment be entered in favor of Defendants;

23

2.     That Defendants be awarded their attorneys' fees pursuant to California Labor Code

24

Section 218.5, and costs incurred in defense of this action; and

25

3.     For such other and further relief as the Court deems just and proper.

26

27

28

10

222298304

Dated: June 7, 2017

SIDLEY AUSTIN LLP

By: _____
Max C. Fischer, SBN 226003
mfischer@sidley.com
Aimee G. Mackay, SBN 221690
amackay@sidley.com
Abigail K. Woodruff, SBN 312594
awoodruff@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013
Telephone:  (213) 896-6000
Facsimile:  (213) 896-6600
Attorneys for Defendants

DEFENDANTS ARCHER-DANIELS-MIDLAND COMPANY'S AND
SPECIALTY COMMODITIES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

222298304

**PROOF OF SERVICE**

STATE OF CALIFORNIA          )
                             )  ss
COUNTY OF LOS ANGELES        )

        I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is 555 West Fifth Street, Suite 4000, Los Angeles, California 90013-1010.

        On June 7, 2017, I served the foregoing document(s) described as

**DEFENDANTS ARCHER-DANIELS-MIDLAND COMPANY'S AND SPECIALTY COMMODITIES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

on all interested parties in this action as follows:

| | |
|---|---|
| Shaun Setareh<br>shaun@setarehlaw.com<br>Thomas Segal<br>thomas@setarehlaw.com<br>H. Scott Leviant<br>scott@setarehlaw.com<br>SETAREH LAW GROUP<br>9454 Wilshire Blvd., Suite 907<br>Beverly Hills, California 90212 | |

☒    (VIA U.S. MAIL) I served the foregoing document(s) by U.S. Mail, as follows:  I placed true copies of the document(s) in a sealed envelope addressed to each interested party as shown above.  I placed each such envelope with postage thereon fully prepaid, for collection and mailing at Sidley Austin LLP, Los Angeles, California.  I am readily familiar with Sidley Austin LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service.  Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

        I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

        Executed on June 7, 2017, at Los Angeles, California.

Denise D. Brown

12

222298304