Shaun Setareh (SBN 204514)
    shaun@setarehlaw.com
H. Scott Leviant (SBN 200834)
    scott@setarehlaw.com
**SETAREH LAW GROUP**
315 S. Beverly Dr., Suite 315
Beverly Hills, California 90212
Telephone:   (310) 888-7771
Facsimile:   (310) 888-0109

Attorneys for Plaintiff ANDREW QUIRUZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW QUIRUZ, on behalf of himself, all others similarly situated,<br><br>    *Plaintiff*,<br><br>vs.<br><br>SPECIALTY COMMODITIES, INC, a North Dakota corporation; ARCHER-DANIELS-MIDLAND COMPANY, a business entity form unknown; and DOES 1-100, inclusive,<br><br>    *Defendants*. | Case No.: 5:17-cv-03300-BLF<br><br><u>CLASS ACTION</u><br><br>**[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT**<br><br>Date:          June 27, 2019<br>Time:         9:00 a.m.<br>Courtroom:   Courtroom 3<br>Judge:        Hon. Beth L. Freeman<br><br>Action Filed:     May 3, 2017<br>Date of Removal: June 7, 2017 |

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

Plaintiff ANDREW QUIRUZ ("Plaintiff") and Defendants Archer-Daniels-Midland Company ("ADM" or "Defendant ADM"), and Specialty Commodities, Inc. ("SCI" or "Defendant SCI"), (ADM and SCI are sometimes referred to herein as "Defendants") have reached terms of settlement for a putative class action.

Plaintiff has filed a motion for preliminary approval of a class action settlement of the claims asserted against Defendant in this action, memorialized in the STIPULATION OF SETTLEMENT OF CLASS ACTION CLAIMS AND RELEASE OF CLAIMS ("Agreement" or "Stipulation" herein) (*see* Declaration of H. Scott Leviant In Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class ["Leviant Decl."], at Exh. A) with attached Exhibit, including the proposed form of Notice.

The Agreement between the Parties provides that the Parties stipulate to certification of a Class for settlement purposes only. The Agreement is conditioned upon, among other things, the Court's approval. Capitalized terms in this Order shall have the same meaning as in the Agreement unless indicated otherwise.

After reviewing the Agreement, the proposed Class Notice, and other related documents, and having heard the argument of Counsel for respective parties, **IT IS HEREBY ORDERED AS FOLLOWS**:

1. The Court preliminarily finds that the proposed Class and sub-classes satisfy the requirements of a settlement class under Rule 23 of the Federal Rules of Civil Procedure. The requirements of Rule 23(a) are satisfied because the proposed Class is so numerous that joinder of all Class Members is impracticable, there are questions of law or fact common to the Class, the claims of Plaintiff are typical of the claims of the Class; and Plaintiff will fairly and adequately protect the interests of the Class. The requirements of Rule 23(b) are satisfied because questions of law or fact common to Class Members predominate over any questions affecting only individual Class Members.

2. The parties' settlement is granted preliminary approval as it meets the criteria for preliminary settlement approval. The settlement falls within the range of possible approval as fair, adequate and reasonable, and appears to be the product of arm's-length and informed negotiations and

to treat all Class Members fairly.  The Court finds that it is appropriate to notify the members of the proposed settlement Class of the terms of the proposed settlement.

3.    The parties' proposed notice plan is constitutionally sound because individual notices will be mailed to all Class Members whose identities are known to the parties, and such notice is the best notice practicable.  The parties' proposed Class Notice (Leviant Decl., at Exh. 1 to Exh. A) is sufficient to inform Class Members of the terms of the Settlement, their rights under the settlement, their rights to object to the Settlement, their right to receive a payment under the settlement or elect not to participate in the settlement, and the processes for doing so, and the date and location of the final approval hearing and are therefore approved.

4.    The following persons are certified as Class Members solely for the purpose of entering a settlement in this matter:

> "California Non-Exempt Employee Subclass" or "Non-Exempt Employee Subclass" includes any person who was employed by Defendants in an hourly-paid or salaried non-exempt position in California during the California Non-Exempt Employee Class Period
>
> "California Non-Exempt Employee Class Period" means the period from May 3, 2013 up to and including the date of Preliminary Approval of the Settlement by the Court.
>
> "California Exempt Employee Subclass" or "Exempt Employee Subclass" includes any person who was employed by Defendants in a salaried exempt position in California during the California Exempt Employee Class Period.
>
> "California Exempt Employee Class Period" means the period from May 3, 2016 up to and including the date of Preliminary Approval of Settlement by the Court.
>
> "California Subclasses" means the California Non-Exempt Employee Subclass and the California Exempt Employee Subclass.
>
> "FCRA Subclass" means (1) any person who was employed by Defendants during the FCRA Class Period or (2) any person who applied for employment with Defendants during the FCRA Class Period.  There are approximately 20,000 FCRA Subclass Members, according to data supplied to Defendants by a third-party vendor.
>
> "FCRA Class Period" means the period from May 3, 2012 up to and including the date of Preliminary Approval of the Settlement by the Court.

The Parties are directed to substitute the date of Preliminary Approval into the Class Notice before issuing the Class Notice.

5. Class Members will be bound by the Agreement unless they submit a timely and valid written request to be excluded from the Settlement within 45 days after mailing of the Class Notice or in accordance with the terms of the Agreement.

6. Any Class Member who wishes to comment on or object to the Agreement with respect to any terms therein other that the amount of attorney's fees requested by Class Counsel shall, in accordance with the Agreement, have 45 days after mailing of the Class Notice to submit his or her written comment or written objection.

7. Prior to the Final Approval Hearing, Plaintiff shall file a motion for final approval of the settlement, and Class Counsel shall file a motion for an award of attorneys' fees, costs, and the enhancement award.

8. Any Class Member who wishes to comment on or object specifically to the amount of attorney's fees requested by Class Counsel shall have until the date of the Final Approval Hearing to submit his or her comment or objection as to the amount of fees or appear and, if permitted by the Court, state any comment or objection as to the amount of fees requested.  To the extent possible, Plaintiff's Motion for an award of Attorney's Fees and Costs shall be set for hearing on the same day and at the same time that the Court hears Plaintiff's Motion for Final Approval.  Any comment submitted after the expiration of time to comment on or object to the settlement generally but before the expiration of time to comment on or object to the amount of attorney's fees will not be considered other than as it pertains specifically to comments regarding the amount of attorney's fees.

9. The Court appoints Simpluris, Inc. to act as the Settlement Administrator, pursuant to the terms set forth in the Agreement.

10. Plaintiff ANDREW QUIRUZ is appointed the Class Representative.  Setareh Law Group is appointed Class Counsel.

11. Defendants are directed to provide the Settlement Administrator not later than 21 calendar days after the date of this Order the name, most recent known mailing address, and any other information about Class members required in accordance with the Agreement.

12. The Settlement Administrator is directed to mail the approved Class Notice by first-class mail to the Class Members in accordance with the Agreement.

13. A final approval hearing will be held on December 5, 2019 [_____, 2019], at 9:00 a.m., to determine whether the settlement should be granted final approval as fair, reasonable, and adequate as to the Class Members.  At that time, the Court will hear all evidence and arguments necessary to evaluate the Settlement, will consider Plaintiff's request for the Class Representative service award, and, to the extent scheduling permits, Class Counsel's request for an award of Attorney's Fees and Costs.  Class Members and their counsel may support or oppose the Settlement and the motion for an award of Attorney's Fees and Costs, if they so desire, in accordance with the procedures set forth in the Class Notice and this Order.

14. As set forth in the Agreement, any Class Member may appear at the final approval hearing in person or by his or her own attorney, and show cause why the Court should not approve the settlement, or object to the motion for awards of the Class Representative Enhancement Award and Attorney's Fees and Costs.  For any written comments or objections to be considered at the hearing, the Class Member must submit a written objection in accordance with the deadlines set forth in the Class Notice, or as otherwise permitted by the Court.

15. The Court reserves the right to continue the date of the final approval hearing without further notice to Class Members.  The Court retains jurisdiction to consider all further applications arising out of or in connection with the settlement.

**IT IS SO ORDERED.**

Dated: _____        _____
                                              Hon. Beth L. Freeman
                                              UNITED STATES DISTRICT JUDGE