UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANDREW QUIRUZ, on behalf of himself, all others similarly situated,<br><br>　　　　*Plaintiff*,<br><br>vs.<br><br>SPECIALTY COMMODITIES, INC., a North Dakota corporation; ARCHER-DANIELS-MIDLAND COMPANY, a business entity form unknown; and DOES 1 through 100, inclusive,<br>　　　　*Defendants*. | Case No. 5:17-cv-03300-BLF<br><br><br>**FINAL ORDER AND JUDGMENT** |

On September 10, 2020, a hearing was held on the motion of Plaintiff Andrew Quiruz ("Plaintiff") for final approval of the class settlement (the "Settlement") between Plaintiff and Defendants SPECIALTY COMMODITIES, INC. and ARCHER-DANIELS-MIDLAND COMPANY (both referred to as "Defendants").

The parties have submitted the Amended Stipulation of Settlement of Class and Collective Action Claims and Release of Claims ("Settlement"), which this Court preliminarily approved by its order entered on April 3, 2020.  Capitalized terms not otherwise defined herein shall have the meaning (if any) set forth in the Settlement.  In accordance with the Preliminary Approval Order, Class Members have been given notice of the terms of the Settlement and the opportunity to object to it or to exclude themselves from its provisions.

Having received and considered the Settlement, the supporting papers filed by the parties, and the evidence and argument received by the Court at the hearing before it entered the Preliminary Approval Order and at the final approval hearing on September 10, 2020, the Court grants final approval of the Settlement, and HEREBY ORDERS and ADJUDGES as follows:

1. Pursuant to the Preliminary Approval Order, the Notice of Proposed Class Action Settlement was sent to each Class Member by first-class mail. The Court finds and determines that this notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of Class Members. The Court finds and determines that the notice provided in this case was the best notice practicable, which satisfied the requirements of law and due process.

2. The Court finds and determines that the Class and the California FLSA Collective, as conditionally certified by the Preliminary Approval Order meets all of the legal requirements for class and collective certification for settlement purposes only under F.R.C.P 23(a) and 23(b)(3), and the federal Fair Labor Standards Act ("FLSA"), as applicable, and it is hereby ordered that the class and the California FLSA collective are finally certified for settlement purposes.

3. The Court further finds and determines that the terms of the Settlement are fair, reasonable, and adequate to the Class and to each Class Member, and that any objections to the Settlement were either invalid and/or are overruled, and that the Class Members who did not timely submit valid Requests for Exclusion in accordance with the Settlement Agreement and the Preliminary Approval Order will be bound by the Settlement, that the Settlement is ordered finally approved, and that all terms and provisions of the Settlement should be and hereby are ordered to be consummated (including without limitation all Releases in Sections III.C and III.D therein).

4. That pursuant to the Class Action Fairness Act, 28 U.S.C. § 1711 et seq. ("CAFA"), Defendants served upon the Attorney General of the United States and the appropriate official of each state or other applicable jurisdiction in which a Class Member resides a notice of the Settlement consisting of: a copy of the pleadings in this action; a notice of the scheduled judicial hearings in this action; copies of the Settlement and Notice of Class Action Settlement; and the estimated proportionate share of the Class Members in each state and territory compared to the entire Settlement. The notice of Settlement also invited comment on the Settlement. This Final Order and Judgment is not being issued earlier than ninety days after the later of the dates on which the appropriate governmental officials were served with the notice of the Settlement. Accordingly, the Court finds that Defendants have discharged their obligations under CAFA to provide notice to the appropriate governmental officials.

5. Without affecting the finality of this Final Order and Judgment in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Final Order and Judgment and the Settlement.

6. Nothing in this Final Order and Judgment will preclude any action to enforce the parties' obligations under the Settlement or under this Final Order and Judgment, including the requirement that Defendants or Phoenix make payments to the Class Members in accordance with the Settlement.

7. Upon completion of administration of the Settlement, the Settlement Administrator will provide written certification of such completion to the Court and counsel for the parties.

8. The parties are hereby ordered to comply with the terms of the Settlement.

9. The Court hereby ENTERS FINAL JUDGMENT in accordance with the terms of the Settlement, the Order Granting Preliminary Approval of Class Action Settlement filed on April 3, 2020, and this Final Order and Judgment.

10. This document will constitute a Final Judgment (and a separate document constituting the Judgment) for purposes of Rule 58, Federal Rules of Civil Procedure.

11. The Parties will bear their own costs and attorneys' fees except as provided herein.

12. The Court finds that Plaintiff's request for $460,000.00 in fees (31% of the Settlement Amount) and $15,000.00 in costs is reasonable. Therefore, the Court orders this amount to be paid to Plaintiff's counsel from the Settlement Amount.

13. The Settlement Administrator is awarded $65,000.00 to be paid from the Settlement Amount.

14. The Court finds that Plaintiff's requested service award of $10,000.00 is reasonable and orders that it be paid from the Settlement Amount.

15. If, for any reason, the Effective Date of the Settlement ultimately does not occur, this Final Order and Judgment will be vacated; the Parties will return to their respective positions in this action as those positions existed immediately before the Parties executed the Settlement; and nothing stated in the Settlement or any other papers filed with this Court in connection with the Settlement will be deemed an admission of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action.

16. The Parties entered into the Settlement solely for the purpose of compromising and settling disputed claims. Defendants in no way admit any violation of law or any liability whatsoever to Plaintiff, the Class or the California FLSA Collective, individually or collectively, all such liability being expressly denied by Defendants.

17. This Civil Action is HEREBY DISMISSED with prejudice. Except for the 23 Class Members who submitted timely and valid requests for exclusion, the Released Claims of the Class Members, the Released FLSA Claims of the California FLSA Collective Members, and

all claims and other matters subject to the General Release by Named Plaintiff Quiruz are all hereby released in accordance with the Settlement, and such persons are hereby barred from prosecuting any such respective Released Claims, Released FLSA Claims, and, in the case of Named Plaintiff Quiruz, other released claims and matters, against any of the Released Parties.

IT IS SO ORDERED.

Date: November 9, 2020

By: /s/ Beth Labson Freeman

Hon. Beth Labson Freeman
United States District Judge